IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

NATHAN MILLER,
    Petitioner,

v.                                      Civil No. 3:25cv237 (DJN)

CHADWICK DOTSON,
    Respondent.

## MEMORANDUM OPINION

Nathan Miller, a Virginia prisoner proceeding *pro se*, brings this petition pursuant to 28

U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging his convictions in the Circuit Court

for the County of Henrico, Virginia ("Circuit Court"). Respondent has moved to dismiss, *inter*

*alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars

the § 2254 Petition. The Court provided Miller with notice pursuant to *Roseboro v. Garrison*,

528 F.2d 309 (4th Cir. 1975). (ECF No. 13.) Miller has responded. (ECF No. 16.) As

explained below, the Motion to Dismiss (ECF No. 10) will be GRANTED, and the § 2254

Petition (ECF No. 1) will be DENIED as untimely.[1]

## I. PROCEDURAL HISTORY

On July 26, 2023, Miller pled guilty in the Circuit Court to stealing a motor vehicle worth

more than $1000. (ECF No. 12-1 at 1.) On August 8, 2023, the Circuit Court entered final

judgment in Miller's case and sentenced him to an active sentence of two years and six months

of imprisonment. (*Id.* at 2.) Miller did not appeal.

---

[1]    The Court corrects the capitalization, spelling and punctuation and omits emphasis in the quotations from the parties' submissions. The Court employs the pagination assigned by the CM/ECF docketing system.

On March 3, 2025, Miller filed a petition for a writ of habeas corpus with the Circuit Court. (ECF No. 12-2 at 8.)

Also on March 3, 2025,[2] Miller filed his § 2254 Petition with this Court. (ECF No. 1.)

Miller contends that he is entitled to relief on the following grounds:

Ground 1:    Petitioner received ineffective assistance of counsel when his attorney advised him to plead guilty and assured him that he would only receive a sentence of one year. (*Id.* at 4.)

Ground 2:    Petitioner received ineffective assistance of counsel when counsel failed to provide Petitioner with discovery. (*Id.* at 5.)

Ground 3:    Petitioner received ineffective assistance of counsel when "after Miller's conviction and sentence was handed down, Miller asked Christopher Bain if he could appeal & Bain told him that Miller could not appeal because Miller [pled] guilty." (*Id.* at 7.)

## II. ANALYSIS

### A.    Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1.    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2]    This is the date that Miller's § 2254 Petition was notarized and presumably placed in the prison mail system. (ECF No. 1 at 12–13.) The Court deems the § 2254 Petition filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Miller suggests that he mailed his petition to the Court on February 19, 2025. (ECF No. 1 at 12.) But that cannot be true, because his petition was not notarized until March 3, 2025. (*Id.* at 13.)

**(B)**    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)**    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)**    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2.    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.    Commencement and Running of the Statute of Limitations**

Miller's judgment became final on Thursday, September 7, 2023, when the time to note an appeal to the Court of Appeals of Virginia expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a) (requiring notice of appeal to be filed within thirty days of final judgment). Thus, Miller had one year, or until Monday, September 9, 2024, to file a petition pursuant to 28 U.S.C. § 2254. Miller failed to file his § 2254 Petition until March 3, 2025, more than six months after the limitation period expired.

The § 2254 Petition is barred by the statute of limitation unless Miller demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or an equitable exception to the limitation period. Miller fails to do so.

Miller suggests his § 2254 Petition should not be dismissed because the statute of limitations governing the filing of habeas petitions in the Virginia courts had not expired at the time he filed his § 2254 Petition. (ECF No. 1 at 12–13.) Miller is wrong. "A state-court petition like [Miller's] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

### III. CONCLUSION

For the foregoing reasons, Respondents' Motion to Dismiss (ECF No. 10) will be GRANTED. Miller's § 2254 Petition (ECF No. 1) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner

_____ /s/ _____
David J. Novak
United States District Judge

Richmond, Virginia
Date: October 14, 2025

4